**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 18-cv-01533-RM-MJW

MESSNER REEVES, LLP,

    Plaintiff,

v.

RSUI INDEMNITY COMPANY, d/b/a RSUI GROUP, INC.

    Defendant.

---

## ORDER TO SHOW CAUSE
---

This matter is before the Court *sua sponte* upon consideration of Plaintiff's Complaint. (ECF No. 1.) The Complaint alleges the Court has diversity subject-matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 (*id*. at ¶ 5) based apparently on the following allegations:

1.    Plaintiff Messner Reeves, LLP ("Messner") is a Colorado limited liability partnership with its principal place of business at 1430 Wynkoop St., Suite 300, Denver, CO 80202;

2.    Messner is a citizen of the State of Colorado;

3.    Defendant, RSUI Indemnity Company ("RSUI"), is a New Hampshire company with its principal place of business at 945 E. Paces Ferry Rd., Suite 1800, Atlanta, GA 30326; and

4.     RSUI is a citizen of New Hampshire, but conducts business in the state of Colorado.

(*Id.* at ¶¶ 1-4.)

A federal court has an independent obligation to examine its own jurisdiction at every stage of the proceeding. *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1276 (10th Cir. 2001). "The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).

Pursuant to 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States." For purposes of determining diversity of citizenship, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Plaintiff, however, is a limited liability partnership. Unlike corporations, "an unincorporated entity's citizenship is typically determined by its members' citizenship." *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905-06 (10th Cir. 2015) (citing *Carden v. Arkoma Associates*, 494 U.S. 185, 195-96 (1990)). A limited partnership, as an unincorporated entity, takes the citizenship of *all* its partners. *Carden*, 494 U.S. at 195-96; *see Grynberg*, 805 F.3d at 906.

In this case, Plaintiff fails to allege the identity or citizenship of any of its individual partners. The Court is therefore unable to determine Plaintiff's citizenship and that complete diversity exists. *See Penteco Corp. Ltd. P'ship.–1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (recognizing that allegations of diversity must generally be pleaded

affirmatively to demonstrate federal jurisdiction under § 1332). It is therefore **ORDERED** that, on or before July 3, 2018, Plaintiff shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED this 26th day of June, 2018.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge